798 So.2d 861 (2001)
David STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3652.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
*862 Carey Haughwout, Public Defender, and Jennifer Hixson and Iva Oza, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION TO CLARIFY
DELL, J.
We grant appellant's motion to clarify the opinion issued on August 15, 2001. We withdraw that opinion and substitute the following.
David Stone appeals his convictions for burglary with assault, aggravated stalking, and felony criminal mischief. We affirm in part and reverse in part.
Appellant's wife left him and went to stay with her cousin, Sylvia Seraphin. On the night of November 14, 1998, appellant went to Seraphin's home, and when he was unable to kick the door down, he got into his pick-up truck and rammed the house repeatedly, until he destroyed a wall, making a place where he could enter. He then entered the house and threatened Seraphin and her husband, Robert Willingham, with a club.
The state charged appellant with burglary with an assault, aggravated stalking, aggravated assault[1] and felony criminal mischief. Appellant entered an open plea of nolo contendere at a hearing in which the trial judge explained appellant's rights and the maximum penalties. At this hearing, defense counsel stipulated to a factual basis specifically predicated on the facts contained within the sworn probable cause affidavit, and stated that he was incorporating the probable cause affidavit with the plea. No other factual basis was stated. The trial court sentenced appellant to fifteen years in prison on the burglary charge and five years on each of the other *863 counts. Defense counsel filed a written motion to vacate the plea, a hearing was held, and the court denied the motion.
Appellant raises four points on appeal. He contends that the trial court erred in denying his motion to withdraw his plea without a hearing. The state correctly points out that appellant failed to show good cause for withdrawal of his plea in the ore tenus motion that he made at the sentencing hearing. We also agree with the state that the error, if any, was corrected because after appellant filed a written motion to withdraw his plea, the trial court conducted a full hearing on appellant's claims. Appellant also contends he was denied the right to conflict free counsel for his motion to withdraw his plea. Appellant misplaces his reliance on Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999), because the record shows that at no point during the representation did appellant ask for a new attorney, ask to proceed pro se, or express dissatisfaction with his attorney's representation. Appellant next contends that the trial court erred in failing to examine him about defenses he asserted before sentencing. He mentioned his life-long abuse of alcohol, and also mentioned that he took a prescription medication on the day of the crime, but he did not assert these matters as a defense to the crimes charged.
Finally, appellant contends that the trial court erred when it denied his motion to withdraw his plea of no contest to the charge of aggravated stalking. He asserts that there was no factual basis for his plea to this charge. We agree.
The information alleges that from October 8 through November 14, 1998, appellant did, "as part of a common scheme, plan or purpose, willfully, maliciously and repeatedly follow or harass ... Sylvia Seraphin and made a credible threat with the intent to place Sylvia Seraphin in reasonable fear of death or bodily injury...." This charge tracks the statutory definition of aggravated stalking. § 784.048(3), Fla. Stat. (1997).
However, the only factual basis for the charged crimes that appears in the record is the probable cause affidavit. This affidavit refers exclusively to the events that occurred during a single incident on the night of November 14, when appellant rammed his truck into the Willinghams' home. It contains no statement of fact which would support a conclusion that appellant had any contact with Seraphin at any other time. Appellant could not have been convicted of aggravated stalking on the facts stated in the probable cause affidavit and incorporated into appellant's plea. See Butler v. State, 715 So.2d 339 (Fla. 4th DCA 1998) (two incidents of harassment committed six months apart is insufficient to establish that the conduct was engaged in "repeatedly"). Therefore we hold that the trial court erred in accepting appellant's plea of nolo contendere to the charge of aggravated stalking.
Accordingly, we affirm appellant's convictions and sentences for burglary with assault and felony criminal mischief. We reverse appellant's conviction for aggravated stalking, and remand with directions to vacate the sentence on this charge and for such further proceedings as may be consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] The trial court granted appellant's motion for judgment of acquittal on the charge of aggravated assault.