MAY, J.
Following a plea of nolo contendere, the defendant appeals his conviction and sentence on charges of two counts of sexual battery on a child less than 12 years of age, and lewd or lascivious battery. He argues that the trial court abused its discretion by failing to sua sponte appoint conflict-free counsel at the time of his sentencing to argue a motion to withdraw his plea. We affirm.
The record reflects that following the plea, but prior to sentencing, defense counsel filed a motion to withdraw the plea on the basis it was not freely and voluntarily made and the defendant did not knowingly and intelligently waive his rights. The trial court denied the motion without a hearing.
Defense counsel then requested appointment of experts to determine the defendant’s competency to be sentenced. The defense expert found the defendant competent. Defense counsel then filed a motion for downward departure and requested that the defendant be sentenced as a youthful offender.
At the sentencing, the defendant told the court that his attorney had lied to him and told him he would be sentenced as a juvenile. He told the court he did not “really want the deal” unless the court would give him time served. Defense counsel responded by advising the court that it had denied a motion to withdraw plea, and that he believed his client was *1214 “under the opinion that I am the one forcing him to go forward with the sentencing as opposed to the Court.” The State agreed to a downward departure. The court sentenced the defendant to 15 years in Florida State Prison followed by 20 years of sex offender probation.
The defendant suggests that his discussion with the court at the sentencing hearing should have alerted the court to appoint conflict-free counsel to argue a motion to withdraw his plea. We disagree for several reasons. First, there was no written motion to withdraw plea pending at the time of the sentencing. Second, we decline to interpret his verbal conversation with the court as an ore tenus motion to withdraw plea. Third, even if we were to do so, no written order was rendered. Thus, we lack jurisdiction to review the issue. Pannier v. State, 849 So.2d 1105 (Fla. 4th DCA 2003). And fourth, the record does not reflect that defense counsel was adversarial with the defendant at the time of sentencing. Therefore, the court was not obligated to appoint conflict-free counsel. Stone v. State, 798 So.2d 861 (Fla. 4th DCA 2001).
We therefore affirm the conviction and sentence. This affirmance is without prejudice to the defendant’s ability to pursue available post-conviction relief.
FARMER, C.J., and POLEN, JJ., concur.