929 So.2d 673 (2006)
Robert WHITING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2707.
District Court of Appeal of Florida, Fifth District.
May 19, 2006.
*674 Robert Whiting, Cocoa, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
The defendant appeals from an order summarily denying his pro se motion to withdraw guilty pleas.
The defendant's motion asserts that the trial court erred in failing to order a competency evaluation of him before accepting his pleas. The State maintains that the decision to order a competency evaluation is one within the discretion of the trial court and that no abuse of discretion has been demonstrated. While our initial inclination is that the record conclusively shows that the defendant was competent in that he had the ability to consult with his counsel with a reasonable degree of rational understanding and had a rational and factual understanding of the proceedings against him, see Hill v. State, 473 So.2d 1253, 1257 (Fla.1985), we conclude that the pro se motion was unauthorized and thus should have been stricken.
The defendant was represented by private counsel in the trial court proceedings.[1] He filed his pro se motion to withdraw guilty pleas twenty days after sentencing, as per Florida Rule of Criminal Procedure 3.170(l). However, pursuant to Florida Rule of Criminal Procedure 3.111(e), entitled "Withdrawal of Defense Counsel After Judgment and Sentence," the defendant was still represented by such counsel at the time he filed his pro se motion.[2]
Given that the defendant was still technically represented by counsel, his pro se motion should have been stricken by the trial court as a nullity. Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004). As explained by Judge Altenbernd in that case, a defendant does not have a constitutional right to "hybrid" representation  that is, to be represented both by counsel and by himself. See Logan v. State, 846 So.2d 472 (Fla.2003). Pro se pleadings filed by a criminal defendant who is represented by counsel are generally treated as a nullity unless they include an unequivocal request to discharge counsel, Mourra, 884 So.2d at 321, assert that counsel coerced the defendant into taking certain action, Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004), or reflect an adversarial relationship between the defendant *675 and his counsel. Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005). None of these exceptions are applicable. The defendant's motion to withdraw plea does not include a request to discharge counsel or reflect the existence of an adversarial relationship. The defendant's motion to withdraw alleged the trial court erred in failing to order a competency exam on its own motion despite being presented with evidence which purportedly called into doubt the defendant's mental competence. The defendant never asserted in his pro se motion to withdraw that he wanted new representation, wished to proceed pro se, or otherwise desired to terminate representation by his attorneys. See Stone v. State, 798 So.2d 861 (Fla. 4th DCA 2001).
We agree with Mourra that a 3.170(l) motion filed under such circumstances should not be considered by the trial court on the merits but rather should be stricken as unauthorized. We remand with directions to strike the Rule 3.170(l) motion.
CAUSE REMANDED WITH DIRECTIONS.
SHARP, W. and MONACO, JJ., concur.
NOTES
[1] The defendant had been adjudicated indigent for the purposes of defense costs only.
[2] In the absence of entry of an order permitting withdrawal of counsel upon good cause shown, Rule 3.111(e) provides the attorney of record for a criminal defendant is not relieved of any duties until after the filing of a notice of appeal or the time for filing of such notice has expired or the obtaining or appointment of substitute counsel. None of these conditions apply here.