956 So.2d 493 (2007)
Andrew VASQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4015.
District Court of Appeal of Florida, Fifth District.
April 13, 2007.
Rehearing Denied May 29, 2007.
*494 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
We affirm the trial court's order striking Vasquez' pro se motion to withdraw a plea.
At the time Vasquez filed his motion, he was represented by counsel. A criminal defendant does not have a constitutional right to "hybrid" representation. Logan v. State, 846 So.2d 472 (Fla.2003). Generally, a pro se pleading filed by a criminal defendant should be treated as a nullity when the defendant is represented by counsel. Id. This Court has recognized limited exceptions to this general rule:

Pro se pleadings filed by a criminal defendant who is represented by counsel are generally treated as a nullity unless they include an unequivocal request to discharge counsel, Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004), assert that counsel coerced the defendant into taking certain action, Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004), or reflect an adversarial relationship between the defendant and his counsel, Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005).
Whiting v. State, 929 So.2d 673, 674-75 (Fla. 5th DCA 2006).
In his motion, it is clear that Vasquez did not seek to discharge his counsel. Vasquez did make a conclusionary allegation that he was "forced to plea." Later in his motion, Vasquez suggests that his decision to enter a no contest plea was the result of a personality disorder that causes him to have "an uncontrollable urge to agree with authority figures." We find these allegations are insufficient to constitute a claim that trial counsel had coerced Vasquez to enter a plea or that a patent conflict existed between Vasquez and his trial counsel. Carmona v. State, 873 So.2d 348 (Fla. 5th DCA), rev. denied, 888 So.2d 17 (Fla.2004).
AFFIRMED.
TORPY and LAWSON, JJ., concur.