953 So.2d 758 (2007)
Alvin A. CLAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1978.
District Court of Appeal of Florida, Fifth District.
April 20, 2007.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Alvin A. Clayton appeals his convictions and sentences for numerous offenses, arguing that the trial court erred by (1) failing to conduct a Nelson[1] hearing; (2) failing to hold a hearing on his motion to withdraw his plea filed before sentencing; and (3) sentencing him as a habitual felony offender. We find no error and affirm.
As to his first point, we conclude that a Nelson hearing was unnecessary because Mr. Clayton expressed only general dissatisfaction with his counsel, and did not raise specific allegations of attorney incompetence sufficient to warrant such an inquiry. See Wilson v. State, 889 So.2d 114 (Fla. 4th DCA 2004). As to his second *759 point, we conclude that the court did not err in failing to conduct a meaningful hearing on Mr. Clayton's pro se motion to withdraw his plea because the motion lacked merit. Mr. Clayton premised his motion on his belief that he was entitled to be discharged on speedy trial grounds. In his discharge motion (which he filed as a petition for writ of habeas corpus), he alleged that he was continuously available for trial during the requisite time period. See Fla. R.Crim. P. 3.191. However, the record belies that allegation, and, instead, demonstrates that Mr. Clayton waived speedy trial at least twice, once on September 14, 2000, when he failed to appear at trial, and again on November 6, 2002, when his attorney filed a written motion for continuance.
Finally, Mr. Clayton's contention that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), mandated that he had a right to a jury determination as to his qualification to be sentenced as a habitual offender was resolved contrary to his contention by this Court in Frumenti v. State, 885 So.2d 924 (Fla. 5th DCA 2004).
For these reasons, we affirm Mr. Clayton's convictions and sentences.
AFFIRMED.
GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).