MONACO, J.
The appellant, Michael Shane Loveless, seeks review of the order of the trial court striking his pro se motion to withdraw his plea of no contest to charges of carjacking and attempted first-degree murder. Because Mr. Loveless was represented by counsel at the time that he filed his motion, and because his filing did not fall within any of the limited exceptions to the general proposition that a pro se filing by a represented defendant is a nullity, we affirm.
The transcript of the plea hearing reflects that Mr. Loveless decided to enter his no contest plea to the charges after a jury had been selected to try his case.' He i was, of course, represented by counsel at this hearing. No sentence had been negotiated. Rather, Mr. Loveless decided to make an open plea to the court. During an extensive plea hearing, he was fully advised by the trial court that he could be sentenced to thirty years in state prison for each count, or a total of sixty years. He acknowledged that he understood that possible consequence, but elected to go forward. Mr. Loveless also acknowledged that he was satisfied with the services of his attorney. Finally, he indicated in a written plea agreement that he was aware of the maximum sentence that he was facing. After his plea was accepted by the court he was sentenced to fifteen years in state prison for each offense, the terms to be served consecutively.
Thereafter, Mr. Loveless wrote a letter to the clerk of the trial court indicating that he wanted to withdraw his plea, apparently because he was quite dissatisfied with the sentence he had received for a number of reasons, and essentially indicated that he was taken aback because his attorney had failed to advise him that he could receive two consecutive sentences for his crimes. At no time in this letter, however, did he relate that he wanted to discharge his counsel. In fact, his attorney filed a notice of appeal on his behalf after the letter was received by the clerk. The trial court properly treated the letter as a motion to withdraw the plea. After noting that Mr. Loveless was still represented by counsel, the trial court struck the motion. Mr. Loveless now appeals.
 With limited exceptions, a criminal defendant does not have a right to “hybrid” representation. See Logan v. State, 846 So.2d 472 (Fla.2003); Vasquez v. State, 956 So.2d 493 (Fla. 5th DCA 2007), review denied, SC07-1237, 968 So.2d 558 (Fla. Oct. 9, 2007). Generally, a pro se pleading should be treated as a nullity if the defendant has counsel. Id. While there are a number of limited exceptions to this proposition,[1] Mr. Loveless is unable *1060 to take advantage of any of them, in particular because he never made an unequivocal request to discharge counsel. Accordingly, we affirm.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.

. "Pro se pleadings filed by a criminal defendant who is represented by counsel are generally treated as a nullity unless they include an unequivocal request to discharge counsel, *1060 Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004), assert that counsel coerced the defendant into taking certain action, Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004), or reflect an adversarial relationship between the defendant and his counsel, Bermudez v. State, 901 So.2d 981 (Fla. 4th DCA 2005).” Vasquez, 956 So.2d at 494, quoting Whiting v. State, 929 So.2d 673, 674-75 (Fla. 5th DCA 2006).