993 So.2d 55 (2008)
Mario J. GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3777.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
*56 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Mario Gonzales pled guilty to charges of robbery with a deadly weapon and kidnapping with a weapon, and was sentenced to concurrent twenty-year terms of incarceration, followed by two years of community control and eight years of supervised probation. Pursuant to his plea agreement, the State nol prossed charges of carjacking with a deadly weapon and aggravated battery with a deadly weapon. On appeal, Gonzales argues that the trial court erred by: (1) failing to conduct a Nelson[1] hearing prior to pronouncing sentence; (2) failing to appoint a third attorney to represent Gonzales when his second (or "conflict free") attorney found no good faith basis to file a motion to withdraw Gonzales' pleas prior to sentencing; and (3) by denying Gonzales' pro se motion to withdraw his pleas. We affirm.
After entering his pleas in this case, and while awaiting sentencing, Gonzales filed a written motion to discharge his court-appointed public defender, complaining that he did not "feel" as though his lawyer was "working ... for my best interest to help my case." The motion complained that the lawyer did not allow him to "receive" discovery and that he "only had/has negative outlooks on my case...." The trial court held a hearing at which counsel explained that he had reviewed all discovery with Gonzales, item by item, but did not provide him with photocopies because he was concerned that Gonzales' co-defendants (who were being held at the same jail) could access the material to Gonzales' detriment. *57 The attorney explained further about the attorney-client relationship and why he felt that he had done everything that any other attorney would have done in Gonzales' defense. The attorney indicated that Gonzales wanted him to move to withdraw his plea, but that he saw no legal grounds to do so. Although the trial judge properly found counsel's representation to have been adequate, he discharged the public defender and appointed a private attorney to represent Gonzales so that an attorney not involved in Gonzales' plea could independently assess whether any grounds existed for a motion to withdraw plea.
Thereafter, Gonzales filed a motion to dismiss his newly-appointed counsel. The next day, he also filed a pro se motion to withdraw his pleas, but without reciting any factual grounds that would support the relief sought. The trial court entered an order striking this motion, see, e.g., Whiting v. State, 929 So.2d 673 (Fla. 5th DCA 2006), but held a hearing on Gonzales' motion to dismiss the new attorney before sentencing Gonzales.
At this hearing, Gonzales explained that he wanted to discharge his new attorney because that lawyer had not filed a motion to withdraw plea, which Gonzales had instructed him to do. The newly-appointed counsel then explained the steps that he had taken to fully investigate any potential grounds for withdrawal of the pleas and stated that he had found no good faith basis to file the motion.[2] Contrary to Gonzales' first argument, the trial court had no reason to conduct a Nelson inquiry at this point because there was no claim of incompetence on the part of his lawyer. See, e.g., Tucker v. State, 754 So.2d 89, 93 (Fla. 2d DCA 2000) ("Where incompetency of counsel is not the basis for the defendant's motion to discharge, a trial court is not required to conduct a further Nelson inquiry."); Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990) ("If incompetency of counsel is given as a reason, the trial court should then make further inquiry to determine whether there is reasonable cause to support the allegation.... Where incompetency of counsel is not the stated basis for the defendant's motion to discharge, the trial court is not required to conduct a full inquiry as set out in Nelson."); Blanding v. State, 939 So.2d 173, 175 (Fla. 1st DCA 2006) (same).
Gonzales next argues that the court should have granted his motion to discharge his second attorney because of the "conflict" between Gonzales and this lawyer created by counsel's refusal to follow Gonzales' instructions to prepare and file a motion to withdraw Gonzales' pleas. In making this argument, Gonzales cites to Smith v. State, 845 So.2d 937 (Fla. 5th DCA 2003), in which we held that when a conflict of interest between a defendant and his counsel "appears in the record, the trial court is obligated to appoint conflictfree counsel to represent the defendant." Id. at 938; see also, Carmona v. State, 873 So.2d 348, 349 (Fla. 5th DCA 2004) ("when a patent conflict of interest arises between counsel and client in a motion to withdraw proceeding, the court has a duty to offer the client conflict-free counsel"). Contrary to Gonzales' argument, a disagreement between counsel and client that arises when the attorney's professional judgment dictates an action or strategy different from that desired by his or her client does not constitute a legal or ethical conflict of interest requiring the appointment of new counsel. Rather, new counsel is required *58 in this context when the defendant alleges erroneous advice or misconduct on the part of his current lawyer as the basis for the motion to withdraw plea  so that the lawyer becomes a potential witness at any hearing on the motion. See R. Regulating Fla. Bar 4-3.7; AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 678 (Fla. 2d DCA 2006) (explaining that the dual role of lawyer and witness creates an actual conflict of interest "if the lawyer's testimony is at odds with that of his client"). In this case, the trial court had already recognized the potential for a conflict of interest between Gonzales and the lawyer who had represented him at the time of the plea and appointed new counsel. The trial judge then correctly ruled that Gonzales' motion to discharge his new lawyer revealed no legal or ethical conflict that would require replacement of this attorney and properly denied Gonzales' motion to appoint a third lawyer.
When the court would not discharge his new lawyer, Gonzales orally moved again, pro se, to withdraw his plea. We find no error in the trial court's consideration and denial of Gonzales' oral motion under these circumstances. We recognize that the trial judge could have simply refused to entertain the oral pro se motion when Gonzales' lawyer refused to adopt the motion. Whiting, 929 So.2d at 674.[3] However, the trial court certainly also had the discretion to allow Gonzales to represent himself while also being represented by appointed counsel. See, e.g., Burke v. State, 732 So.2d 1194, 1195-96 (Fla. 4th DCA 1999). In support of his oral motion, Gonzales for the first time asserted that he had been coerced into entering the plea by his first attorney. However, as noted by the trial court, this conclusory allegation was fully refuted by Gonzales' sworn statements during the plea colloquy. Cf. Wallace v. State, 939 So.2d 1123 (Fla. 3d DCA 2006); Williams v. State, 919 So.2d 645, 646 (Fla. 4th DCA 2006). Therefore, we find no error in the trial court's denial of the pro se motion. Id.
AFFIRMED.
PALMER, C.J., and GRIFFIN, J., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] The lawyer also explained that he had explored all possible grounds to challenge Gonzales' full, taped post-Miranda confession to the crimes charged, but that he had found no good faith grounds to challenge the admissibility of Gonzales' confession either.
[3] There is a conflict among Florida's district courts regarding the circumstances under which a trial court is required to recognize and act upon a defendant's pro se motions or pleadings when the defendant is represented by counsel. See Sheppard v. State, 988 So.2d 74 (Fla. 2d DCA 2008). As already discussed, we require a trial judge to consider and act upon any pro se motion to withdraw plea that reveals an obvious or patent conflict of interest between the defendant and his or her lawyer. Carmona, 873 So.2d at 349. The Fourth District takes a similar approach. See, e.g., Peterson v. State, 881 So.2d 1129 (Fla. 4th DCA 2004). The Second District, however, has a more narrow view, and would not require a trial court to consider a motion to withdraw plea even if it reveals a patent conflict of interest between the defendant and his or her lawyer, unless the motion also includes an unequivocal request to discharge the lawyer. Sheppard, 988 So.2d 74. Gonzales' motion to withdraw plea in this case did not reveal a conflict of interest, as we have already discussed, and did not contain a request to discharge counsel. That request was made in a separate motion, which the trial court did consider.