WALLIS, J.
Jabez Boaz (“Boaz”) appeals his judgment and sentence after entering an open plea to four drug-related charges. Boaz argues the lower court abused its discretion by failing to address a letter in which Boaz requested a Nelson[1] hearing. Because Boaz’s letter properly requested a Nelson hearing, and a lower court’s failure to conduct any inquiry is per se reversible error, we reverse and remand.
Boaz entered an open plea to four drug-related charges. The first — trafficking in hydrocodone — carried a minimum mandatory sentence of fifteen years. The three remaining charges carried minimum mandatory sentences of probation. The trial court found Boaz’s plea to be open and voluntary. As part of a substantial assistance agreement, the trial court released Boaz without bond.
Boaz sent a pro se letter requesting a Nelson hearing to the trial court. In the letter, Boaz argued his trial counsel forced Boaz to enter the plea, promised Boaz the trial court would sentence Boaz to probation, and failed to file his other requested motions. Before sentencing, Boaz’s trial counsel moved to withdraw Boaz’s plea, alleging he thought he could receive probation. The trial court heard the motion to withdraw the plea but did not conduct a Nelson hearing.
We review a trial court’s conduct regarding a Nelson hearing for an abuse of discretion. Wilson v. State, 889 So.2d 114, 117 (Fla. 4th DCA 2004) (citing Moore v. State, 778 So.2d 1054, 1056 (Fla. 4th DCA 2001)).
A trial court must conduct a Nelson hearing only when a defendant’s actions satisfy a three-prong test: “the defendant makes a ‘clear and unequivocal’ statement that he wishes to discharge appointed counsel, the discharge request is based on a claim of incompetence, and the alleged ineffectiveness arises from counsel’s current representation.” Laramee v. State, 90 So.3d 341, 344 (Fla. 5th DCA 2012) (quoting Blanding v. State, 939 So.2d 173, 175 (Fla. 1st DCA 2006)). The parties dispute only whether Boaz’s letter alleged his trial counsel’s incompetence.[2]
Generally, a trial court does not need to conduct a Nelson hearing when a defendant expresses only general dissatisfaction with counsel. Clayton v. State, 953 So.2d 758 (Fla. 5th DCA 2007) (citing Wil *508 son, 889 So.2d 114)). However, if a defendant expresses his counsel misadvised the defendant, which we have recognized as a valid reason to grant conflict-free counsel after a Nelson inquiry, the defendant’s expression is necessarily specific. As we have previously indicated, “new counsel is required ... when the defendant alleges erroneous advice or misconduct on the part of his current lawyer as the basis for the motion to withdraw plea — so that the lawyer becomes a potential witness at any hearing on the motion.” Gonzales v. State, 993 So.2d 55, 57-58 (Fla. 5th DCA 2008) (citing R. Regulating Fla. Bar 4-3.7; AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 678 (Fla. 2d DCA 2006) (explaining that the dual role of lawyer and witness creates an actual conflict of interest “if the lawyer’s testimony is at odds with that of his client’s”)). Boaz alleged his misapprehension of the minimum mandatory resulted from his counsel’s erroneous advice, which is a validly stated claim for incompetence. Thus, Boaz’s allegation that his trial counsel told him he could receive a probationary sentence satisfies the second prong.
The State contends, nevertheless, that the error is harmless because Boaz pleaded openly and voluntarily. We disagree. “[W]hile the failure to conduct an adequate Nelson inquiry is subject to an abuse of discretion standard and, presumably, a harmless error analysis, the failure to conduct any inquiry is per se error.” Jackson v. State, 33 So.3d 833, 836 (Fla. 2d DCA 2010) (citing Maxwell v. State, 892 So.2d 1100, 1101-02 (Fla. 2d DCA 2004)); Nesmith v. State, 6 So.3d 93, 94 (Fla. 1st DCA 2009) (noting the failure to conduct a “preliminary inquiry into the defendant’s reason for seeking to discharge court-appointed counsel is not harmless error; rather, it is ‘a structural defect in the trial requiring reversal as per se error’ ” (quoting Maxwell, 892 So.2d at 1102)).
We reverse and remand for the trial court to conduct a Nelson inquiry to examine Boaz’s allegations and, accordingly, to determine whether conflict-free counsel is necessary to file a motion to withdraw Boaz’s plea.
REVERSE and REMAND with INSTRUCTIONS.
PALMER and COHEN, JJ., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. The State correctly concedes that Boaz’s request met the first and third prongs.