# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2498
LT Case No. 2020-102496-CFDL

_____

DERRICK L. MATHIS, JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Dawn D. Nichols, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.

July 25, 2025

PER CURIAM.

Appellant, Derrick L. Mathis, Jr., appeals the denial of his motion to withdraw plea following an evidentiary hearing. He alleges the trial court erred by denying him conflict-free counsel at this hearing. The State agrees with Appellant, and based on our

review, we reverse and remand requiring the trial court to appoint conflict-free counsel and hold a new hearing on Appellant's motion.

## I.

Appellant was charged by Information in December 2020 with home invasion robbery with a firearm, five counts of kidnapping, and possession of a firearm by a convicted felon which were alleged to have occurred in Volusia County, Florida. Although not entirely clear from the limited record, it appears that this case proceeded to a jury trial and during the trial a mistrial occurred due to an issue regarding a witness' testimony. Subsequently, the State and Appellant entered into a plea agreement where he pled no contest as charged to home invasion robbery with a firearm and possession of a firearm by a convicted felon. As to the remaining counts, the State reduced those charges, and Appellant pled no contest to five counts of false imprisonment. Appellant was then sentenced to thirty-five years in prison on the home invasion robbery with a firearm charge, fifteen years in prison on the charge of possession of a firearm by a convicted felon, and concurrent terms of five years in state prison on the false imprisonment charges. These sentences were to run concurrently.

After being sentenced, Appellant filed a pro se motion to withdraw his plea. In the motion, Appellant asserted that he had reconsidered his decision and wished to withdraw his plea because he found it unfavorable and "unfit for challenging" on appeal the thirty-five-year sentence he received. Prior to the court considering Appellant's initial motion, he filed an additional pro se motion supplementing his initial motion to withdraw his plea in which he alleged that his trial counsel had misled and coerced him into entering the plea. Specifically, he alleged that counsel "led him to believe he would lose at the next trial" and thereafter would be sentenced to life imprisonment, because as explained by his counsel, "the State would coerce the victim in what to say," and that "there was no way around the witness."

The trial court dismissed the supplemental motion and struck the initial motion to withdraw plea. Appellant timely appealed those dispositions to this Court, which reversed and remanded with directions for the trial court to review the motions

and if legally sufficient, then follow the procedures articulated in *Sheppard v. State*, 17 So. 3d 275, 286-87 (Fla. 2009), and hold a *Sheppard* hearing if necessary. *Mathis v. State*, 388 So. 3d 1128, 1131 (Fla. 5th DCA 2024). In this regard, our Court noted that once a defendant raises specific allegations in a motion to withdraw a plea that give "rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea" then the trial court should hold a limited hearing to "determine whether an adversarial relationship exists between the defendant and defense counsel that would entitle the defendant to appointment of conflict-free counsel, unless the record conclusively refutes the defendant's allegations." *Id.* at 1130.

Upon remand, the trial court conducted a hearing as ordered in the foregoing opinion. However, the trial court did not initially hold a limited hearing to determine whether it was necessary to appoint conflict-free counsel before hearing Appellant's motion to withdraw his plea. In addition, the trial court did not appoint new counsel to represent Appellant at this hearing. Rather, at the hearing, the trial court addressed the merits of Appellant's motion where he alleged that he was coerced and misadvised and also addressed the issue of whether he was entitled to conflict-free counsel during the same time.

At the hearing, the trial court questioned and took testimony from the State, defense counsel, and Appellant. Specific to this appeal, defense counsel, in response to the court's questions, denied that she told Appellant that the prosecutor would coerce any witnesses' testimony. In addition, defense counsel denied stating that there was no way around the witness' testimony. Appellant testified that defense counsel misled him by telling him that the State would coerce a witness into not telling the truth and this was the reason he entered the plea. He stated that counsel told him this before entering the plea. After hearing all the evidence, the trial court denied Appellant's motion to withdraw his plea.

In its order, the trial court specifically addressed the issue on appeal as to whether Appellant was entitled to conflict-free counsel. In making its decision whether to appoint conflict-free

counsel, the court relied on the testimony of Appellant's defense counsel by stating in its order "counsel testified she did not make either statement to defendant," and then found her statement to be credible. However, the court discounted Appellant's claims by finding that Appellant's "testimony was not credible."

In addition, the trial court found Appellant's allegations were refuted by the record. According to the court, the allegation that the State coerced a witness was refuted by the record and pointed to the witnesses' testimony at trial. In particular, the court stated there was no evidence that the witnesses were not "here freely and voluntary" and the record showed they were "very agreeable" to testify against Appellant. As a result, the court found that Appellant was not entitled to conflict-free counsel as it found that Appellant's counsel did not make the statements at issue and that the record established that the witnesses were not coerced to testify.

## II.

Appellant argues that the trial court erred by not appointing new counsel for the motion to withdraw his plea when it became apparent that an adversarial relationship existed between himself and defense counsel. A criminal defendant has a constitutional right to be represented by counsel at a motion to withdraw plea hearing, as such is a critical stage in a criminal proceeding. *Baker v. State*, 343 So. 3d 161, 162 (Fla. 5th DCA 2022). The Florida Supreme Court has provided the procedure to be used when a represented defendant files a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170 based on allegations giving rise to an adversarial relationship such as counsel's misadvice, misrepresentations, or coercion that led to the entry of the plea. *Sheppard*, 17 So. 3d at 287. When this occurs:

> [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either

permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

*Id.* (footnote omitted). As a result, if a defendant's allegations are not conclusively refuted by the record, then he is entitled to an evidentiary hearing on his motion. *See id.* at n.9 ("Although rule 3.170(*l*) does not expressly require a trial court to hold an evidentiary hearing, . . . due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief." (alteration in original) (quoting *Snodgrass v. State,* 837 So. 2d 507, 509 (Fla. 4th DCA 2003))). Prior to hearing the motion on the merits, the trial court must hold a limited hearing to determine whether an adversarial relationship exists between the defendant and defense counsel that would entitle the defendant to appointment of conflict-free counsel. *Id.* at 287. The reasoning for this is that such allegations create an "adversarial relationship where the lawyer cannot both represent his client and refute the allegations." *Id.* at 286. Finally, "[i]n these narrow circumstances, a defendant need not incant the phrase, 'I request to discharge my counsel,' to be entitled to a limited inquiry by the trial court into the allegations." *Id.* at 277.

A key to determining whether an adversarial relationship exists is "[w]hen it becomes apparent that the defendant and his counsel are on opposite sides on the question of whether a plea should be withdrawn[.]" *Jones v. State*, 74 So. 3d 118, 121 (Fla. 1st DCA 2011) (citing *Rios v. State,* 958 So. 2d 1080, 1081 (Fla. 1st DCA 2007)). In this regard, a conflict exists "[w]hen the defendant alleges erroneous advice or misconduct [by defense counsel] as the basis for the motion to withdraw plea—so that [defense counsel] becomes a potential witness at any hearing on the motion." *Boaz v. State*, 135 So. 3d 506, 508 (Fla. 5th DCA 2014) (quoting *Gonzales v. State*, 993 So. 2d 55, 57 (Fla. 5th DCA 2008)).

Appellant here argued that his plea was involuntary because his legal counsel misadvised him about the State's attempt to coerce a witness to testify against him, and this coerced him into entering a plea. To resolve this issue, the trial court took testimony from both Appellant and defense counsel, made findings of credibility, and determined that defense counsel had not made these statements. However, once the trial court proceeded down

5

this path, it placed Appellant and his attorney in an adversarial relationship because counsel became a witness against her client. Therefore, once this adversarial relationship was established, the trial court was required to appoint conflict-free counsel under *Sheppard* rather than proceeding on the merits.

We also note that the trial court, in addition to making a finding that defense counsel did not make the statements at issue, pointed out that these matters were conclusively refuted by the record. The trial court specifically focused in on the witnesses' testimony at the prior trial. In holding that the record refuted Appellant's allegations, the trial court stated that "there is absolutely no evidence whatsoever that the witnesses were coerced in any way, shape or form in this case. Absolutely no evidence of that. No record evidence whatsoever." However, whether there was actual evidence of witness coercion is not the question the court should have asked. Rather, the court should have focused on whether there was conclusive evidence in the record refuting that Appellant was given misinformation or misadvice by defense counsel on this issue. In this matter, the trial court did not point to any evidence in the record refuting Appellant's claim that he was told by defense counsel about witness coercion. Therefore, its reliance on the record evidence to deny Appellant conflict-free counsel was error.

### III.

The trial court erred in not appointing conflict-free counsel as an adversarial relationship existed between Appellant and his defense counsel, and his allegations could not be conclusively refuted by the record. Therefore, we reverse and remand requiring the trial court appoint conflict-free counsel and hold a new hearing on Appellant's motion.

REVERSED and REMANDED with instructions.

JAY, C.J., and LAMBERT and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____